### John M. Newhall & wife *vs.* Lynn Five Cents Savings Bank & others.

The wife of the owner of an estate subject to a mortgage valid against her has no rights, as against her husband or his assignees in bankruptcy, in the proceeds of a sale of the estate made by the mortgagee for breach of condition and under a power in the mortgage deed.

Bill in equity by John M. Newhall and Maria B. Newhall his wife, against the Lynn Five Cents Savings Bank, William F. Lawrence and Edward M. Farnsworth, praying that the bank might pay over to Mrs. Newhall part of a fund in its

hands. The case was heard on bill and answers, before *Colt*, J., and by him reserved for the determination of the full court, as follows:

John B. Nichols, being seised in fee of an estate in Lynn, conveyed it to the Lynn Five Cents Savings Bank by a mortgage deed, containing a power of sale, " which sale shall forever be a perpetual bar, both in law and equity, against the said grantor, his heirs and assigns, and all persons claiming under him or them, from all rights and interest in the premises," and directing the bank, " out of the money arising from such sale, to retain all sums then secured by this deed, paying the surplus, if any, to the grantor or his assigns." Subsequently Nichols conveyed the estate, subject to the mortgage, to John M. Newhall, who had become before that time the husband of Maria B. Newhall. John M. Newhall was adjudged a bankrupt in September 1867, and Lawrence and Farnsworth were chosen assignees. There having been a breach in the condition of the mortgage, the bank in July 1868 foreclosed by selling the estate under the power contained in the mortgage, and, after applying the proceeds of the sale to the payment of its debt, there remained in its hands a considerable surplus. Mrs. Newhall contended that she was entitled to a share of this surplus, and prayed the court to apportion the same between her husband's assignees and herself; while the assignees contended that the whole surplus belonged to themselves.

*R. D. Smith*, for Mrs. Newhall, cited the Gen. Sts. *c.* 90, § 2; *Snow* v. *Stevens*, 15 Mass. 278; *Denton* v. *Nanny*, 8 Barb. 618; *Vartie* v. *Underwood*, 18 Barb. 561; *Heth* v. *Cocke*, 1 Rand. 344 · *Gardner* v. *Hooper*, 3 Gray, 404; *Davis* v. *Newton*, 6 Met. 543, and cases cited; *Russell* v. *Rumsey*, 35 Ill. 362; *Rose* v. *Sanderson*, 38 Ill. 247; 1 Scribner on Dower, 480; *Mills* v. *Van Voorhies*, 20 N. Y. 412; Story Eq. §§ 1411, 1412; *Jackson* v. *Edwards*, 7 Paige, 391; *Weaver* v. *Gregg*, 6 Ohio State, 547; *Burns* v. *Lynde*, 6 Allen, 305.

*J. D. Ball*, for the assignees.

After the argument a supplemental bill was filed alleging the death of John M. Newhall, and the parties agreed that such was

the fact, and that it might be considered by the court so far as material.

COLT, J.  The wife's inchoate right of dower in the equity of redemption in lands of which her husband becomes seised, subject to a mortgage valid against him, or in which she has released her right to dower, is recognized as a valuable interest in her. It is regarded as something more than a mere possibility, although it becomes consummate only when she survives her husband. Her husband cannot deprive her of it, but it is liable to be defeated by a foreclosure of the mortgage in his lifetime, or by her own voluntary act. Gen. Sts. *c.* 90, § 2; *c.* 107, § 38; and *c.* 140, § 44.

It has been held that this right is entitled to protection, in favor of the wife, against extinguishment by foreclosure, especially when the husband has parted with his whole estate in the land and can no longer be regarded as representing the interests of his wife. And a bill to redeem, brought by her, was maintained in *Davis* v. *Wetherell*, 13 Allen, 60. She has been allowed to maintain a suit in equity to set aside a deed purporting to release this right, which had been executed in blank and afterwards filled up. *Burns* v. *Lynde*, 6 Allen, 305.

In the case at bar, the husband became seised, during coverture, of an equity to redeem land from a mortgage given by one Nichols to the defendant bank, containing a power of sale, which, when executed, was therein declared to be a perpetual bar, both in law and equity, against the grantor, his heirs and assigns, and all persons claiming under him or them, from all rights and interest in the premises, and which authorized the bank to retain out of the money arising from the sale all sums thereby secured, paying the surplus, if any, to the grantor or his assigns. This mortgage was regularly foreclosed by a sale under the power during the lifetime of the husband. And the wife now asks that she may be allowed to share in the surplus proceeds, and that the same be apportioned by a decree of this court between her husband's assignees in bankruptcy and herself.

We are of opinion that there is no case shown for the interference of a court of equity, exercising only ordinary powers

in addition to those specially granted. The wife is indeed often without the means to pay the mortgage debt, in these cases. The husband may be unwilling or unable to pay. And the estate may be worth and actually sell for much more than the mortgage debt, and yet, if the sale be honestly and fairly made, her right in the property and its proceeds is gone. The title of her husband, in the real estate in which she claimed an interest, has been wholly defeated by a paramount title in the mortgagee. His right of redemption has been converted into a claim upon the surplus money in the hands of the mortgagee. The contingency has arisen to which her inchoate right of dower was originally subject. Her husband's estate in the land was subject to be converted into personalty by a sale under the mortgage. It has been so converted and belongs to those who are entitled to his personal estate. *Varnum* v. *Meserve,* 8 Allen, 158. At any time before the sale, as we have seen, she could bring her bill to redeem, and protect herself sufficiently against an unreasonable refusal, on the part of her husband's assignees, to pay the mortgage, especially when such refusal is with intent to defeat her interest, by suffering a sale to be made. It is too late, after a foreclosure, and a conversion of the estate into money, for an application on her part to share in the proceeds. She is as much barred of her right, as if the foreclosure had been without sale, by entry for breach of condition, and lapse of time. *Pitts* v. *Aldrich,* 11 Allen, 39. Foreclosure by sale is declared to be effectual to bar all claim or possibility of dower in the property. Gen. Sts. *c.* 140, § 44.

It is urged against this, that, the mortgage debt having been paid, the mortgagee now holds a fund, consisting of the surplus in his hands, which is substituted for the equity of redemption in which the wife has equitable rights. But neither the doctrine which requires the assignees of the husband in bankruptcy to make a settlement upon her out of her choses in action assigned to them, nor the principle of equitable conversion by which effect is given to the contracts of parties, and money is treated as land or land as money, in furtherance of their intentions, seems to us to support this claim.

We are referred to no decisions which have the weight which belongs to the decisions of courts of final resort, in which the power here invoked has been exercised. Two cases are cited from New York in support of it, *Denton* v. *Nanny*, 8 Barb. 618, and *Vartie* v. *Underwood*, 18 Barb. 561. These do not appear to have been affirmed by the court of appeals. And there are many cases in the courts of that state in which the contrary is held. *Titus* v. *Neilson*, 5 Johns. Ch. 452. *Bell* v. *Mayor of New York*, 10 Paige, 49. In *Frost* v. *Peacock*, 4 Edw. Ch. 678, where the husband died after sale and confirmation, but before the money had been distributed, it was held that the widow could not be endowed of the surplus. 1 Scribner on Dower, 480.

The death of the husband since the filing of the original bill, which by supplemental bill has been brought to our knowledge since the first argument, cannot affect the result to which we come. The rights of all parties were fixed, at the time of filing the original bill. *Bill dismissed, with costs.*