MARY P. TAGGART, RESPONDENT, v. MARY G. ROGERS, JOHN B. WADE AND GEORGE WADE, EXECUTOR, ETC., OF SARAH JANE NAGLE, DECEASED, APPELLANTS.

*Entry of an appearance by a husband for his wife—her right to redeem from a mortgage sale.*

The old chancery rule that a husband could enter an appearance for his wife, without service being made upon her, has been abolished, and where the wife is not personally served a judgment recovered in the action is void as to her.

Where a mortgage given by a man and wife is foreclosed, and the wife is not served with process in the action of foreclosure, she may, after a sale of the mortgaged premises and during the lifetime of her husband, maintain, because of her inchoate dower interest therein an action to redeem the mortgaged premises from the sale.

APPEAL by the defendants from an interlocutory judgment, entered in the above entitled action after a trial at the Westchester Special Term.

This action was commenced by the plaintiff, the wife of one James Taggart, to redeem certain premises situated in the city of Brooklyn from a decree of foreclosure and sale made by the Supreme Court, October 8, 1877, pursuant to which decree the premises were sold to the defendant John B. Wade, who subsequently, March 26, 1877, sold them to the defendant Mary G. Rogers.

The property had been previously mortgaged by James Taggart by a mortgage in which the plaintiff joined, and such mortgage had been foreclosed, but the plaintiff had not been made a party to such foreclosure, nor had she been served herself personally with process therein.

*Z. Sidney Sampson*, for the appellant Mary G. Rogers.

*Michael H. Cardozo*, for the appellants Wade.

*Clifford A. H. Bartlett*, for the respondent.

BARNARD, P. J.:

The plaintiff joined with her husband in the execution of a mortgage, and upon its foreclosure she was not served with process. The judgment against her was not proper and she had the right to vacate it. The old chancery rule that a husband could enter an appearance for his wife without service being made upon her seems to have been completely abolished. (*White* v. *Coulter*, 59 N. Y., 629.) If the wife was not personally served, it follows that as to her the judgment is void. She still has an inchoate right of dower in the premises. Can she maintain a cause of action on this inchoate right to redeem the mortgaged premises during the life of her husband? If the mortgage be a purchase-money mortgage, the plaintiff was endowed in the equity of redemption. (*Miller* v. *Voorhies*, 20 N. Y., 412.) In the case of *Simar* v. *Canaday* (53 N. Y., 298), the Court of Appeals declared the law settled that "an inchoate right of dower in lands is a subsisting and valuable interest which will be protected and preserved to her, and that she has a right of action to that end." The case of *Witthaus* v. *Schack* (105 N. Y., 332) does not change this rule. A wife had been induced by the fraud of her husband to execute a deed. She, after his death, brought her action to set aside the conveyance. The Court of Appeals held that the estate conveyed was the estate of the husband, and that the dower right was inchoate and a mere chose in action contingent upon her surviving her husband, and that she, therefore, could not be a witness to prove the fraud, under section 829 of the Code. The question presented in this case was not the wife's right to protect her possible dower, but what it was after it had become vested and absolute. It was held to be a continuation merely of the estate of her husband.

The judgment should be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.