### TAGGART *v.* ROGERS *et al.*

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

MORTGAGES—REDEMPTION—INCHOATE RIGHT OF DOWER.

Upon foreclosure of a mortgage made by husband and wife, the wife, though made a party, was not served with process; and afterwards, during the life-time of her husband, sought to redeem from the sale by virtue of her inchoate dower right, by paying the judgment, charging the grantee of the purchaser with the rents and profits. *Held,* that she should not be allowed to redeem, if such grantee would release her right of dower from the mortgage, or would pay the present value of her inchoate right, she to have the right of election between these alternatives. Following *Boqut* v. *Coburn,* 27 Barb. 230.

Motion for new trial on exceptions.

Action by Mary P. Taggart against Mary G. Rogers and others, to redeem certain mortgaged real estate sold under a judgment in an action to foreclose the mortgage. The opinion rendered on trial of the cause at special term, by CULLEN, J., concluded as follows: "Judgment should be entered that a redemption be denied, upon defendant's releasing plaintiff's right of dower from

the mortgage under which her title is derived, or paying the present value of plaintiff's inchoate right, (as to these alternatives the plaintiff is to have the right of election.) If defendant fails to so satisfy or release plaintiff's dower, then that plaintiff may redeem the premises upon paying the amount due on the mortgage, after charging defendant with the rents and profits, and crediting her with payments and disbursements properly made for the benefit of the premises; costs to neither party." Plaintiff moved at the general term on exceptions for a new trial.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Franklin & Clifford* and *A. H. Bartlett,* for plaintiff. *Martin & Smith,* (*George A. Strong,* of counsel,) for Mary G. Rogers, defendant.

PRATT, J. This is a motion for a new trial under section 1001, Code of Procedure. It appears that, prior to 1874, James Taggart, the husband of the plaintiff, was the owner of a house and lot in Brooklyn, and she joined with her husband in a mortgage for a valid consideration which was afterwards foreclosed and sold under such decree in 1877, and defendants' grantor became the purchaser. The plaintiff was never served in the foreclosure suit although she was made a party. The plaintiff now seeks to redeem the premises so sold by paying the judgment in the foreclosure suit after charging the defendant with the rents and profits since she entered into possession. The question whether the plaintiff can make any valid claim, her husband being still alive, and her claim being solely based upon an inchoate right of dower, is not raised upon this appeal, as the court at special term held "the plaintiff's inchoate right of dower gave her the right to redeem said mortgaged premises," and there is no appeal on the part of the defendant. The court, however, while holding that plaintiff had a right to redeem, in effect, restricted the recovery to her dower right. The case stands precisely as if James Taggart had deeded the property to the defendant, his wife not joining in the deed and releasing her inchoate right of dower. In other words, her rights have not been affected to her prejudice in the least degree. The defendant has lawfully acquired the fee of the land subject to the incumbrance of the plaintiff's inchoate right of dower, and the question arises as to which party has the right, one to discharge an incumbrance, or the other to redeem, under the facts disclosed in the record. In case of the death of her husband, she could claim a life-estate in one-third of the premises. Is it reasonable that she can claim now upon an inchoate right that the defendant shall sell her the whole premises with improvements? In the former case, the defendant would be allowed to retain the property and pay a fixed sum for dower; why cannot equity permit her now to discharge this incumbrance upon just principles? We think the judgment rendered at special term was as favorable to the plaintiff as the facts warranted.

The opinion rendered at the trial discusses with great force the reasons for the judgment as rendered, and the position seems unassailable. The cases cited by plaintiff do not controvert the principles laid down in the decision at special term. It is conceded that the husband is bound by the foreclosure judgment, and has no right to redeem. Now, by this judgment, the plaintiff is allowed to redeem all the rights she ever had in the premises. In fact there is no necessity for redemption, for her rights have never been invaded by the defendants, nor put in jeopardy by the foreclosure proceedings. The same principle of redemption was applied in the case of *Boqut* v. *Coburn,* 27 Barb. 230, and has never been overruled. Judgment affirmed, with costs.