HELEN M. CAMPBELL, Appellant, *v.* GEORGE ELLWANGER and Others, Respondents.

*Mortgagee in possession — dower interest of the wife of a mortgagor not made a party to the mortgage foreclosure — right of the wife of the mortgagor to redeem — time within which redemption must be made — must be claimed through the husband.*

The wife of a mortgagor is not cut off from her inchoate right of dower in real estate by the foreclosure of a purchase-money mortgage given by her husband thereon, if she is not made a party to the foreclosure action, and if the premises are bought in upon the foreclosure sale by the mortgagee, the mortgagee, as to the wife of the mortgagor, becomes a mortgagee in possession, and as such has the right to retain the possession of the premises until his mortgage debt is paid, and until such payment ejectment cannot be maintained against him by the wife.

The wife of a mortgagor having an inchoate right of dower in certain real estate formerly owned by her husband, and of which a mortgagee is in possession,

has the right, even during the life of her husband, to redeem such premises by paying the mortgage debt.

Prior to the Code of Procedure a person entitled to redeem real estate, as against a mortgagee in possession, had to bring his action within twenty years; under section 97 of that Code, the action had to be commenced within ten years, but under section 379 of the Code of Civil Procedure, the time to redeem was again extended to twenty years.

The right of dower arises by reason of marriage and by operation of law, and it attaches to lands when the seizin and marriage relations are concurrent, but the dower right of the wife is dependent upon the seizin of her husband, and she consequently must claim "under him," within the meaning of section 379 of the Code of Civil Procedure.

APPEAL by the plaintiff, Helen M. Campbell, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Monroe on the 10th day of April, 1894, upon the decision of the court, rendered after a trial at the Monroe Special Term, dismissing the plaintiff's complaint upon the merits.

*Frederick W. Smith*, for the appellant.

*Joseph S. Hunn*, for respondents Ellwanger and others.

*Heman W. Morris*, for respondent Massey.

HAIGHT, J. :

This action was brought to redeem the premises described in the complaint from the mortgage executed by Cyrus M. Campbell to James H. Gregory, and for an accounting of the rents and profits and for dower.

On the 1st day of September, 1856, Campbell purchased of Gregory the premises in question, and on the same day he executed and delivered to Gregory a purchase-money mortgage for $32,000. On the 3d day of December, 1857, and after default in the payment of the money due upon the mortgage, Gregory commenced an action for the foreclosure thereof, which action proceeded to judgment, and the premises were sold thereunder on the 1st day of September, 1858, to Gregory, the mortgagee, who thereupon re-entered into possession thereof. The defendants are in possession, claiming title under conveyances made by Gregory since the foreclosure of the mortgage. The plaintiff was the wife of Campbell and was not made a party in

the foreclosure action. Campbell died December 4, 1888, and this action was brought in April, 1893.

The trial court has found that the plaintiff had an inchoate right of dower in the property which was not affected by the foreclosure suit, to which she was not made a party, but that her right to redeem the real estate from the mortgage was barred by the Statute of Limitations. The answers interposed set up both the ten-year and the twenty-year statutes, and the only question presented for our determination is as to whether the plaintiff is brought within the provisions of either. As we have seen, Gregory was the mortgagee. He purchased the premises upon the foreclosure sale and entered into possession thereof. The plaintiff was not cut off from her inchoate right of dower by the foreclosure, because she was not made a party thereto. As to her, Gregory became a mortgagee in possession. As mortgagee in possession, Gregory had a right to retain the possession of the premises until his mortgage debt was paid, and until such payment ejectment could not be maintained against him either by the mortgagor or his widow. (*Phyfe* v. *Riley*, 15 Wend. 248–254; *Cooper* v. *Whitney*, 3 Hill, 95–102.) But the mortgagor, or one claiming under him, as against the mortgagee in possession, had the right to redeem by paying the mortgage debt. (*Winslow* v. *Clark*, 47 N. Y. 261.)

Could the plaintiff redeem during the life of her husband whilst her right was inchoate? We think the question must be answered in the affirmative. It was so held in *Taggart* v. *Rogers* (49 Hun, 265).

In *Simar* v. *Canaday* (53 N. Y. 298–303) FOLGER, J., in delivering the opinion of the court, says: "A wife who executes a mortgage jointly with her husband, is nevertheless entitled to dower in the equity of redemption of which her husband is seized, notwithstanding the mortgage, which right is not affected in equity unless she is made a party to the foreclosure. If omitted, she can come in at any time and redeem, notwithstanding a decree and sale in the foreclosure suit."

In *Mills* v. *Van Voorhies* (20 N. Y. 412) it was held that the existence of an inchoate right of dower in the equity of redemption of mortgaged premises was a good objection to title by a vendee in an action against him for specific performance of his contract. SELDEN,

J., in delivering the opinion, says : " The inchoate rights of the wife are as much entitled to protection as the vested rights of the widow." (2 Washb. on Real Prop. [4th ed.] 173 ; *Davis* v. *Wetherell*, 13 Allen, 63 ; *Newhall* v. *Savings Bank*, 101 Mass. 431.)

Formerly a person entitled to redeem as against a mortgagee in possession had to bring his action within twenty years. (*Moore* v. *Cable*, 1 Johns. Ch. 385 ; *Slee* v. *The Manhattan Co.*, 1 Paige Ch. 48.) But under section 97 of the Code of Procedure it was held that the action must be commenced within ten years. (*Miner* v. *Beekman*, 50 N. Y. 337 ; *Hubbell* v. *Sibley*, Id. 468.) The Code of Civil Procedure (§ 379) provides as follows : " An action to redeem real property from a mortgage, with , or without an account of rents and profits, may be maintained by the mortgagor, or those claiming under him, against the mortgagee in possession, or those claiming under him, unless he or they have continuously maintained an adverse possession of the mortgaged premises for twenty years after the breach of a condition of the mortgage, or the non-fulfillment of a covenant therein contained." Under this provision it has been held that the time to redeem has again been extended to twenty years. (*Shriver* v. *Shriver*, 86 N. Y. 575–580.)

It is claimed, however, that section 379 of our present Code has no application, for the reason that the plaintiff, as the wife of the mortgagor, does not claim under him. The right of dower arises by reason of marriage, and by operation of law. It attaches to lands when the seizin and marriage relations are concurrent. (*Kursheedt* v. *U. D. S. Inst.*, 118 N. Y. 358.) But the dower right of the wife is dependent upon the seizin of the husband, and she consequently must claim through him.

In *Brackett* v. *Baum* (50 N. Y. 8–12) RAPALLO, J., says : " The widow, though not deriving title from her husband, yet claims under him. * * * Her title is wholly dependent upon that which he acquired. It is only by virtue of his seizin that she can claim, and her title is subject to any claim to which the title he acquired was subject."

Gregory, as we have shown, entered into possession in 1858. Since that time he and the defendants claiming under him have occupied the premises. Plaintiff's remedy was by an action to redeem. This she has delayed bringing for thirty-five years. It is

our opinion that her claim is barred both under the ten-year statute of the old Code and the twenty-year statute of our present Code.

The judgment appealed from should be affirmed, with costs.

DWIGHT, P. J., and LEWIS, J., concurred; BRADLEY, J., not voting.

Judgment appealed from affirmed, with costs.