(68 App. Div. 104.)

McMICHAEL v. RUSSELL.

(Supreme Court, Appellate Division, First Department. January 24, 1902.)

1. MORTGAGE—FORECLOSURE SALE—DOWER.

A wife joining in a purchase-money mortgage on land purchased in the husband's name, on foreclosure, is not possessed of a dower right in the property, but only a right to redeem from the sale.

2. SAME—RIGHT TO REDEEM—ACCRUAL OF ACTION—LIMITATIONS.

The right of the wife to redeem is not suspended till the death of the husband, but accrues immediately on the sale, and is barred in 20 years thereafter, under Code Civ. Proc. § 379, limiting actions to redeem from mortgagees in possession, or those claiming under them, to 20 years.

3. COVENANTS—BREACH OF WARRANTY—VOLUNTARY PAYMENT.

The grantee of real estate under a deed containing covenants against incumbrances, who pays a certain sum to a mortgagor thereof to obtain a release of a right to redeem after such right is barred by limitations, cannot recover such sum from the grantor, in an action on the covenant.

Appeal from special term, New York county.

Action by Arkell McMichael against Thomas Russell to recover damages for the breach of a covenant against incumbrances. From a judgment in favor of plaintiff, defendant appeals. Reversed.

The action was brought to recover damages alleged to have been sustained by breach of a covenant against incumbrances; the complaint averring that the plaintiff purchased of the defendant the premises 228 Pearl street, and that at the time of the making of the deed the property was not, as covenanted by the defendant, free from all incumbrances, but, on the contrary, was "subject to the inchoate right of dower of Margaret Cosgrove, the wife of one James Cosgrove, the former owner of said premises," and that since said conveyance James Cosgrove has died, in the year 1896, and his widow, Margaret Cosgrove, survived him, and is still living, and by reason thereof the plaintiff was obliged to pay and did pay her the sum of $200, "in extinguishing the right of dower aforesaid." It was admitted on the trial that this property was conveyed by Helen Floyd Jones and others to James Cosgrove and Barnet Cosgrove on January 27, 1866, the grantees giving a purchase-money mortgage for $14,000; that the Cosgroves, with their wives joining, conveyed to William Crystal, on April 10, 1866, all of this property, with the exception of a strip about 8 by 24 feet; that the Joneses foreclosed the purchase-money mortgage against the Cosgroves, and the property was all sold by decree on December 19, 1877, Margaret Cosgrove not being made a party to that foreclosure suit. It was also admitted that the plaintiff herein received the premises by deed from the defendant dated June 17, 1889, and recorded July 9, 1889, and that the plaintiff paid to Margaret Cosgrove $100, and $100 for legal services in connection with the matter; and there is in evidence a quitclaim deed, dated June 14, 1899, admitting receipt of $100 by Margaret Cosgrove. The court rendered its decision in favor of the plaintiff, and from the judgment so entered the defendant appeals.

Argued before VAN BRUNT, P. J.; and PATTERSON, O'BRIEN, McLAUGHLIN, and LAUGHLIN, JJ.

Paul R. Towne, for appellant.
John Henry Hull, for respondent.

O'BRIEN, J. The appellant insists that Mrs. Cosgrove had no claim against the property in question when the $100 was paid to her, because her right had been, not to recover dower, but to redeem the whole of the property from the purchase-money mort-

gage, and that this latter right had lapsed because she did not bring any action within 20 years from the foreclosure sale in 1877, as required by section 379 of the Code of Civil Procedure. We agree with the appellant that Mrs. Cosgrove's right was one to redeem from the purchase-money mortgage, and not to recover dower; and the remaining question is as to when such right accrued. Upon the answer to this is to be determined whether or not the statute of limitations has run. Although some of the earlier cases incline to the view that the right to redeem accrues upon the death of the husband, the later cases, which we regard as controlling, are to the effect that a wife is entitled, even during the life of her husband, to redeem such premises by paying the mortgage debt. Thus it was expressly held in Taggart v. Rogers, 49 Hun, 265, 1 N. Y. Supp. 900, that the wife could maintain, because of her inchoate dower interest therein, an action to redeem the mortgaged premises during the lifetime of her husband. And in Campbell v. Ellwanger, 81 Hun, 259, 30 N. Y. Supp. 792, the question, which was answered in the affirmative, was thus stated: "Could the plaintiff redeem during the life of her husband, whilst her right was inchoate?" It having been determined in that case that the plaintiff could have maintained such an action, the precise question was presented which we are here called upon to answer,—whether the statute of limitations had thus been set running; and it was held that it had, and that, the wife having delayed bringing an action for 35 years, her claim was barred, "both under the ten year statute of the old Code (section 97, Code Proc.), and under the new Code of Civil Procedure," which provides, in section 379, as follows:

"An action to redeem real property from a mortgage, with or without an account of rents and profits, may be maintained by the mortgagor or those claiming under him, against the mortgagee in possession or those claiming under him, unless he or they have continuously maintained an adverse possession of the mortgaged premises for twenty years after the breach of a condition of the mortgage or the nonfulfillment of a covenant therein contained."

The principle supporting this conclusion seems to be sound, because the effect of a foreclosure action wherein the wife is not served with process, and wherein the property is sold to the mortgagee or a third person, is to make the purchaser who goes into possession under the deed a mortgagee in possession, whose title, however, is subject to the wife's right to redeem from the mortgage, which right immediately accrues, and must, under the present Code (section 379, Code Civ. Proc.), be enforced within 20 years. In the present case, therefore, as Mrs. Cosgrove's claim was barred by the statute of limitations, she had no legal interest affecting the property in any way, and the payment made to her by the plaintiff was gratuitous, for which recovery cannot be had against the defendant.

It follows that the judgment must be reversed, with costs; and as there is no dispute about the facts, and these could not be changed upon a new trial, there should be judgment for the defendant, dismissing the complaint, with costs. All concur.