---

(98 App. Div. 480)

## McKENNA v. FIDELITY TRUST CO. OF BUFFALO et al.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1904.)

1. MORTGAGE—REDEMPTION—INCHOATE RIGHT OF DOWER.

A wife having an inchoate right of dower in premises sold on foreclosure when she was not a party has the right to redeem to protect her interest, and such interest is protected when she receives as great a sum as she would have received, had her husband died at the date of the alienation of the property.

2. SAME.

In a mortgage foreclosure suit, to which a wife having an inchoate dower right was not a party, the premises were sold for a sum insufficient to pay the mortgage debt. The wife sought to redeem. *Held*, that she should pay the deficiency judgment, as a condition for redemption, or, in the alternative, the purchaser, on paying to her the value of her inchoate dower right, should have the right to deduct from its value the amount of the deficiency judgment.

McLennan, P. J., and Hiscock, J., dissenting.

Appeal from Special Term, Niagara County.

Action by Matilda J. McKenna against the Fidelity Trust Company of Buffalo, N. Y., and another. From a judgment granting relief to plaintiff on conditions, she and defendant trust company both appeal. Modified.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Clinton & Thomas, for appellant McKenna.

Rogers, Locke & Milburn, for appellant trust company.

Laughlin & Elwell, for respondents Porter.

STOVER, J. This is an action to redeem certain premises in the county of Niagara from the lien of a mortgage, and to require the purchaser at the foreclosure sale to execute a conveyance of the premises to plaintiff.

One Charles M., being the owner of certain premises, mortgaged said premises to one P. to secure the payment of upwards of $23,000. Said mortgage was assigned to the defendant the Fidelity Trust Com-

pany, which was given authority, under a trust agreement, to collect the principal and interest due upon the bond and mortgage for the benefit of the mortgagee. The premises were thereafter conveyed to Joseph M., and an action to foreclose the said mortgage was subsequently brought, in which Joseph M., Charles M., and the wife of Charles M. were parties; but the plaintiff, who was the wife of Joseph M., was not a party to said action. Said action proceeded to judgment, and upon a sale was purchased by the defendant, who received a deed thereof, and entered into possession of the premises. Subsequently the defendant trust company commenced an action to foreclose another mortgage executed by the plaintiff to said P., the mortgagee in the mortgage above mentioned, upon certain other premises, which action proceeded to judgment and sale; and upon the sale of the premises the defendant trust company recovered a judgment for the sum of $1,019.-48, which judgment was duly docketed in the county of Niagara, and is still unsatisfied. The plaintiff had knowledge of the sale under both foreclosures. Before the commencement of this action the plaintiff tendered to the defendant trust company the amount due at the time of the foreclosure sale, with interest to the date of the tender, and offered to pay the taxes paid by the trust company. The trial court found that the plaintiff had an inchoate right of dower in the premises, and that such inchoate right of dower gave her the right to redeem. It also found that the plaintiff should not be required, as a condition of redemption, to pay the deficiency judgment of $1,019.48 in favor of the defendant trust company, but directed that redemption should be denied upon defendant's releasing plaintiff's right of dower from the mortgage, or upon paying the value of the plaintiff's inchoate right of dower; the plaintiff to elect which of the alternatives she would avail herself of. If the defendant should fail to satisfy the plaintiff's dower, then it was adjudged that the plaintiff might redeem the premises upon the payment of the amount due on the mortgage, with interest from the 3d day of December, 1898, and the payment of taxes. Both parties appeal from the judgment—the plaintiff from such part as compels her to elect which relief she shall have, and the defendant from that portion which adjudges that the plaintiff shall not pay the judgment for deficiency.

Upon this appeal it is contended by the defendant that the interest of the plaintiff, being an inchoate right of dower, did not give her the right to redeem. We are not cited to any direct authority of the court of last resort upon this proposition, but the plaintiff relies upon the case of Taggart v. Wade, which is reported in 1 N. Y. Supp. 900, 3 N. Y. Supp. 322, and 5 N. Y. Supp. 255, and is finally disposed of in 34 N. Y. St. Rep. 942, 12 N. Y. Supp. 113. The case cannot be said to be an authority for the broad proposition, for, while the General Term, upon the first appeal, so held, upon a motion for a reargument subsequently it was sent back to the Special Term for the reason, as stated by the court, that a grave doubt existed as to whether the principle announced on the former appeal, namely, that the inchoate right of dower gave the right to appeal, was not erroneous. 5 N. Y. Supp. 256. The Special Term, being, perhaps, bound by the former declaration of the General Term, assumed, without discussion, that that statement of the law was

correct.  No appeal was taken by the defendant, and the General Term refused to discuss that question, for the reason that "there is no appeal on the part of the defendant," at the same time stating:

"In fact, there is no necessity for redemption, for her rights have never been invaded by the defendants, nor put in jeopardy by the foreclosure proceedings."   Page 945, 34 N. Y. St. Rep., page 114, 12 N. Y. Supp.

So that this case can hardly be said to be a controlling adjudication on that subject.

The case of Campbell v. Ellwanger, 81 Hun, 259, 30 N. Y. Supp. 792, held that the statute of limitations ran against the right to redeem, basing the argument evidently upon the authority of Taggart v. Rodgers, supra; and yet the reasoning of the case of Taggart v. Rodgers may be said to furnish reason for the contention of the defendant here, for, after assuming that the right to redeem existed, the action was then treated, not as one to redeem, but as an equitable action to recover the interest of the plaintiff in the premises.   In the absence of a controlling authority, we are not inclined to overrule the holding in Campbell v. Ellwanger, supra, notwithstanding that a holding which permits a present recovery for an interest which may never ripen into any right of possession or enjoyment is at least unsatisfactory.   But assuming a right to redeem as existing, following the argument in 34 N. Y. St. Rep., 12 N. Y. Supp., supra—

"It seems plain, on principle, that equity will go only to the extent of protecting the plaintiff's right, and not give her any greater right by reason of the irregular foreclosure than she had before the foreclosure.   The rule that a party must redeem the entire premises from the lien of the whole mortgage is primarily for the benefit of the mortgagee, and is not of universal application.   Here the plaintiff had, before the foreclosure, an inchoate right of dower in the premises.   She seeks by redemption to acquire the fee of the premises."

Following the further reasoning of that case, and applying rules of equity as they were there applied, the rights of the purchaser at the foreclosure sale should be protected.   The status of the parties is quite different from that existing before the sale.   It can hardly be said to be equitable to permit the plaintiff in this action to recover the entire value of her interest in the property, as if the husband had died.   She would be entitled to recover upon the death of the husband only the use of one-third of the value of the estate at the time of the alienation of the estate by the husband, and why should she be permitted to recover in this action any greater sum?   Her interest is protected when she receives as great a sum as she would have received, had her husband died at the time of the alienation of the property.

As to the judgment for $1,019.48, it is a just debt against the plaintiff, and, if the plaintiff had been the owner of the premises at the time of the entry of the judgment, it would have at once become a lien upon the premises.   Had the plaintiff acquired the title from any other source, the judgment would have become a lien upon the premises.   There is no reason given for compelling the defendant to resort to the ordinary process for the collection of this judgment, and it would seem to be but just that the plaintiff, before she receives the property, should be obliged to pay the defendant such sum as might be due from her, and which might justly be a lien upon the property in question.   There is

no reason why the defendant should surrender all of its right as owner of the premises, and then by circumlocution collect a just and equitable lien against the same property and against its grantee. Rather, all of the equities should be adjusted now, and all matters in any way connected with the property now finally adjusted between the parties.

We think that the trial term was in error in not requiring the plaintiff to pay the judgment for $1,019.48, and that the judgment in this action should be modified by permitting the defendant to take out from the sum to be paid the amount of the judgment, and also providing for the alternative payment by the plaintiff in case of redemption.

Judgment modified by requiring the plaintiff to pay the judgment of $1,019.48 upon the redemption, or, in the alternative, the amount of the judgment, to be deducted from the sum to be paid by the defendant, and, as modified, affirmed, with costs to the appellant trust company.

SPRING and WILLIAMS, JJ., concur. McLENNAN, P. J., and HISCOCK, J., dissent.