MATILDA J. MACKENNA, Appellant, *v.* THE FIDELITY TRUST
COMPANY OF BUFFALO et al., Respondents.

1. MORTGAGE FORECLOSURE — RIGHT OF WIFE TO REDEEM LAND SOLD
IN ACTION TO WHICH SHE WAS NOT A PARTY.  A wife not made a party
to an action foreclosing a mortgage upon premises owned by her hus-
band, by reason of her inchoate right of dower therein, has the right,
after a sale and during his lifetime, to redeem them, and may maintain
an action against the purchaser (in this case the holder of the mortgage)
for that purpose.

2. ACTION TO REDEEM — MEASURE OF RELIEF.  The plaintiff in such
an action is entitled to the adequate protection of her rights, but no more.
She cannot speculate at the expense of the purchaser by waiting until the
lands have materially increased in value and then seek to redeem as mat-
ter of right, provided the purchaser offers or the court requires him to
fully protect her in some other way.  Where, therefore, the action was
brought nearly two years after the sale, during which time the lands had
materially increased in value, a decree, giving her the right of election
between a release of her dower right from the lien of the mortgage under
which the purchaser took title or the payment to her of the value thereof,
with the right to full redemption, if the purchaser does neither, accords
to her exact justice; and she is not entitled to a conveyance of the prop-
erty upon payment of the amount of the mortgage, interest thereon and
taxes to the day of redemption.

3. IMPROPER ADJUSTMENT OF EQUITIES BETWEEN THE PARTIES.  A
modification of such decree, however, requiring the plaintiff as a condi-
tion of redemption to pay to the purchaser the amount of a deficiency
judgment obtained by him in another foreclosure, relating to other prop-
erty, or to deduct the amount from the sum to be paid if she elected to
accept the value of her inchoate right of dower, is erroneous; the circum-
stances not requiring any general adjustment of equities as between the
parties, but only such as are directly connected with the land in ques-
tion and for which the purchaser would be entitled to hold it as security.

*Mackenna* v. *Fidelity Trust Co.*, 98 App. Div. 480, modified.

(Argued March 19, 1906; decided April 17, 1906.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
February 8, 1905, modifying and affirming as modified a
judgment in favor of plaintiff entered upon a decision of the
court on trial at an Equity Term, and also affirming an inter-
mediate order of reference made in the action.

This action was brought by a married woman during the lifetime of her husband to redeem lands from a judicial sale upon the ground that she was not a party to the action in which the decree to sell was made, although she had an inchoate right of dower in the premises sold.

On the 21st of February, 1896, Joseph Mackenna, who was then and still is the husband of the plaintiff, became the owner in fee of certain premises in the city of Niagara Falls, subject to a mortgage thereon given by a prior owner on the third of December, 1895, to secure the payment of $23,525 with interest. On the second of February, 1897, said mortgage and the bond accompanying the same were assigned to the defendant the Fidelity Trust Company. On the 18th of December, 1899, an action was commenced by the trust company to foreclose said mortgage, but the plaintiff was not made a party thereto and she did not appear therein. It resulted in the usual judgment of foreclosure and sale rendered on the 22nd of June, 1900, the amount unpaid having been fixed at the sum of $20,758.69 and the costs taxed at $175.89. Pursuant to said decree the premises, with the exception of certain lots which had been released, were sold to the trust company on the 18th of July, 1900, for the sum of $10,000, and after a deed in the usual form had been executed and delivered by the sheriff the purchaser entered into possession. The plaintiff had personal knowledge of the pendency of the action and the time and place of sale, but she took no steps to protect her interests.

On the 19th of December, 1899, said trust company commenced an action to foreclose a mortgage, which it had acquired by assignment, executed by the plaintiff to one Porter upon another piece of property. This action resulted in a decree and sale, and on the 1st of June, 1901, the trust company recovered a judgment therein against the plaintiff herein for the sum of $1,019.48, that being the amount of the deficiency arising upon such foreclosure. Before the commencement of this action the plaintiff tendered to the trust company the amount due on the judgment of foreclosure of the first

mortgage above named with interest, offered to pay all taxes paid by the trust company, and demanded that it should execute a deed to her covering the premises described in that mortgage, but such offer was refused and the demand was not complied with. Thereafter, and on the 10th of March, 1902, the plaintiff commenced this action to redeem and for an accounting as to rents and profits. The premises had then increased in value and were worth the sum of $38,000.

The trial court found the foregoing facts in substance, and found as conclusions of law that the plaintiff had the right to maintain an action to redeem during the lifetime of her husband; that she should not be required, as a condition of redemption, to pay the deficiency judgment of $1,019.48 obtained by the trust company against her, nor to pay the costs of the action to which she was not a party commenced to foreclose the principal mortgage; that redemption should be denied if the trust company should release plaintiff's right of dower from that mortgage, or pay her the value of her inchoate right of dower; that she should have thirty days to elect between these alternatives; that if the defendant should fail to release plaintiff's dower or satisfy it, in case she elected to accept either form of relief, she should have the right to redeem "upon payment of the amount due on the mortgage, $18,998.19 with interest thereon from the 3rd of December, 1898, and upon payment of. * * * all taxes paid" on said premises by the trust company up to the day of redemption. Costs were allowed to neither party.

From the judgment entered accordingly both parties appealed to the Appellate Division, the defendant from every part thereof and the plaintiff from that part which denied her the right to redeem except upon the condition named. She also gave notice of her intention to bring up for review an order entered in the action appointing a referee to take testimony as to the value of the property involved and the amount paid by the trust company for taxes. The Appellate Division affirmed the order of reference and modified the judgment "by requiring the plaintiff to pay the judgment of

$1,019.48 if redemption is had, or in the alternative deducting the amount of the judgment from the sum to be paid by the defendant," and as so modified the judgment was affirmed, with costs to the trust company, two of the justices dissenting. The plaintiff appealed to this court from both judgment and order, but the trust company did not appeal from either.

*Ulysses S. Thomas* for appellant. The plaintiff's inchoate right of dower gives her an absolute right of redemption and upon payment of the mortgage debt with interest, tendered by her, she is entitled to a conveyance of the property. (Thomas on Mort. § 675; *Kursheedt* v. *U. D. S. I.*, 118 N. Y. 358; *Clifford* v. *Kampfe*, 147 N. Y. 383; R. S. 744, § 1; Pom. Eq. Juris. § 1220; Jones on Mort. § 1067; *Taggart* v. *Wade*, 3 N. Y. Supp. 322; *Campbell* v. *Ellwanger*, 81 Hun, 259; *Crisfield* v. *Murdock*, 127 N. Y. 315; *McMichael* v. *Russell*, 68 App. Div. 104.)

*Louis L. Babcock* for respondents. As the plaintiff's interest in the property consists only of an inchoate right of dower therein, she cannot maintain an action to redeem. ( *Withaus* v. *Schack*, 105 N. Y. 332; *Aikman* v. *Harsell*, 98 N. Y. 186; *Hinchliffe* v. *Shea*, 103 N. Y. 153; *Elmendorf* v. *Lockwood*, 57 N. Y. 322; *Lawrence* v. *Miller*, 2 N. Y. 245; *Moore* v. *Mayor*, 8 N. Y. 110; Jones on Mort. [4th ed.] § 1059; *Campbell* v. *Ellwanger*, 81 Hun, 259; *Taggart* v. *Rogers*, 49 Hun, 265; *McMichael* v. *Russell*, 68 App. Div. 104.) The conditions contained in the judgment rendered upon the decision of the trial court in limitation of the plaintiff's claim were fair and equitable and should be sustained. (*Taggart* v. *Rogers*, 12 N. Y. Supp. 113; *Wetmore* v. *Roberts*, 10 How. Pr. 51.)

VANN, J. The primary question is whether the plaintiff had the right to redeem, although her husband was still alive and her right of dower inchoate only. The question has been discussed somewhat but never decided by this court. It was not involved in *Mills* v. *Van Voorhies* (20

N. Y. 412), but in considering the question whether the inchoate right of a married woman to dower was affected by a foreclosure to which she was not a party, it was said by SELDEN, J.: "A *feme covert*, who executes a mortgage jointly with her husband, is nevertheless entitled to dower in the equity of redemption of which her husband is seized notwithstanding the mortgage, and this right, as we have seen, is not affected by a foreclosure in equity unless she is made a party. If omitted she can come in at any time afterward and redeem, notwithstanding a decree and sale in the foreclosure suit." After commenting upon *Bell* v. *Mayor etc., of New York* (10 Paige, 50) the learned judge continued : "In that case the foreclosure was not completed until after the death of the mortgagor, and hence it did not become necessary to determine the effect of a foreclosure in his lifetime. There is not the slightest reason, however, for giving to such a foreclosure any greater effect in cutting off the dower rights of the wife of the mortgagor than to one which takes place after his death. The inchoate rights of the wife are as much entitled to protection as the vested rights of the widow. Neither can be impaired by any judicial proceeding to which she is not made a party."

In *Moore* v. *Mayor etc., of New York* (8 N. Y. 110) it was held, under a statute then in force, that when lands are taken under the power of eminent domain the public acquire an absolute title free from the wife's inchoate right of dower, even if she is not made a party to the proceeding. Still, in *Simar* v. *Canaday* (53 N. Y. 298, 304) it was said : "We think that it must be considered as settled in this State, notwithstanding *Moore* v. *Mayor* and some *dicta* in the other cases that, as between a wife and any other than the State or its delegates or agents exercising the right of eminent domain, an inchoate right of dower in the lands is a subsisting and valuable interest which will be protected and preserved to her and that she has a right of action to that end." Accordingly, it was held that a married woman had a right of action for damages sustained by the loss of her inchoate right of dower against one

who had procured a conveyance of lands from her husband by means of fraudulent representations, although he was still living and she had joined in the conveyance. "Public policy allows a wife to maintain in the lifetime of her husband an action to cancel, as forged, a recorded deed purporting to have been executed by her, together with her husband, instead of waiting for an admeasurement of dower after her husband's death." (*Clifford* v. *Kampfe*, 147 N. Y. 383.)

The Supreme Court has repeatedly held that a wife can maintain an action to redeem during the lifetime of her husband. (*McMichael* v. *Russell*, 68 App. Div. 104; *Campbell* v. *Ellwanger*, 81 Hun, 259; *Taggart* v. *Rogers*, 49 Hun, 265.) This is the rule in other states without exception so far as our researches disclose. (*Davis* v. *Wetherell*, 13 Allen, 60; *Gatewood* v. *Gatewood*, 75 Va. 407, 412; *Smith* v. *Hall*, 67 N. H. 200; *Vaughan* v. *Dowden*, 126 Ind. 406, 407; *Williams* v. *Stewart*, 25 Minn. 516, 519.) The elementary works lay down the same rule. (2 Jones on Mortgages [6th ed.], § 1067; Thomas on Mortgages [2d ed.], § 622.)

We adopt the rule as sustained by authority and founded on sound and just principles. The right to redeem is a necessary incident of a mortgage and it extends beyond the mortgagor to all who claim through or under him. As to the mortgagor it is the right to pay the mortgage as soon as it is due and relieve his lands from the lien thereon. If he fails to redeem, however, any one who claims through him may pay the mortgage and thereupon by operation of law that person becomes subrogated to his rights. The right of redemption in such a case involves the right of subrogation, which will be treated in equity as an assignment to the extent required to adequately protect the one who redeems. (*Arnold* v. *Green*, 116 N. Y. 566, 571.) The person who, in order to protect his interests, is thus "compelled to pay a debt which ought to have been paid by another, is entitled to exercise all the remedies which the creditor possessed against that other and to indemnity from the fund out of which should have been made the payment which he has made." (Sheldon on

Subrogation, § 11.) The one thus redeeming does not take as an absolute purchaser, but is simply subrogated to the place of the mortgagee for protection and indemnity unless, as may be the case, he is reimbursed and redemption is made from him. (Id. § 51.) An inchoate right of dower depends on marriage and the seizin of the husband. The wife thus acquires an interest through her husband, and it is well established that she is a necessary party to an action of foreclosure, because she has an interest to protect. (*Kursheedt* v. *Union Dime Savings Institution,* 118 N. Y. 358.) She can protect that interest only through the right of redemption, unless she purchases at the sale, as even a stranger may. The logical effect of the rule that she is a necessary party in order to give a good title through the foreclosure of a mortgage is that she can redeem before judgment, although her husband is alive. There is no reason for making her a party unless she can protect her inchoate right of dower by redeeming during the pendency of the action. If she can redeem *pendente lite,* when made a party, she can redeem after judgment and sale, when not made a party, through an action brought for that purpose.

As, however, she comes into a court of equity for relief, she must do equity herself and cannot be permitted to secure more than adequate protection of her rights or to make a profit out of her own delay and the mistake in the suit to foreclose. She cannot speculate at the expense of the purchaser by waiting, as she did, until the lands have materially increased in value, or, as it may be, until improvements have been made thereon and then seek to redeem as matter of right, provided the purchaser offers, or the court requires him to fully protect her in some other way. (*Mickles* v. *Dillaye,* 17 N. Y. 80, 83.) As she is made whole by the right to elect between a release of her dower right from the lien of the mortgage under which the trust company took title, or the payment to her of the value thereof, with the right to full redemption if the company does neither, she has no cause to complain, for that is exact justice. She thus secures such

27

protection as places her in a better condition than she was before, for she may now have the value of her inchoate right, and can retain it even if her husband survives her. After thus recovering her own, she cannot ask a court of equity to do an inequitable thing for her in violation of one of its primary rules. She must accept full protection of her own rights, without injury to the rights of others.

This subject was considered by our present chief judge, who presided at the second trial in *Taggart* v. *Rogers* (*supra*). His opinion does not appear to have been reported, but a copy was furnished upon the argument before us, and we quote with approval the following therefrom : " The foreclosure was not void, for the owner of the equity of redemption was made a party to it and his estate was cut off by the decree and sale. The plaintiff was not affected by the foreclosure, for she was not served with process. Her right to redeem rests in equity upon the principle that her rights should not be cut off without her day in court. But it seems plain on principle that equity will go only to the extent of protecting her rights and not give her any greater right by reason of the irregular foreclosure than she had before. The rule that a party must redeem the entire premises from the lien of the whole mortgage is primarily for the benefit of the mortgagee, and is not of universal application. Here the plaintiff had, before the foreclosure, an inchoate right of dower in the premises. It is not only possible, but in many cases probable, that on account of the enhancement in value of the premises the purchaser, treating him as a mortgagee in possession, may have been entirely repaid the mortgage debt out of the rents and profits. It may be also in this case. Is, then, the property to be conveyed to the plaintiff without consideration ? Conceding that the defective foreclosure in no wise impaired her rights, on what principle of law or equity can it be contended that a defect in a suit to which she was not a party operated to convey to her an estate she never before possessed ? In case there should prove to be something still unpaid on the mortgage, as long as such sum in addition to the value of the

estate or lien sought to be protected by the redemption is less than the value of the premises, the injustice of a general redemption still exists. The difference between the two cases is in degree, not in kind. The foreclosure passed to the defendant the title of all parties in interest, save that of the plaintiff. Of the title so acquired by the defendant he should not be deprived if he is willing to release the estate of the plaintiff from the lien of the mortgage, or to satisfy her claim. Thus the plaintiff's rights will be protected and the defendant will not be deprived of his purchase. (Citing *Boqut* v. *Coburn*, 27 Barb. 230.)"

The judgment rendered in that case, which was on all fours with that rendered by the trial court in this, was affirmed by the General Term. (*Taggart* v. *Rogers*, 12 N. Y. Supp. 113.) We think the plaintiff had no absolute right of redemption under the circumstances, and that the conditions imposed by the trial judge were such as were required from a court of equity.

This brings us to the modification made by the learned Appellate Division by requiring as a further condition of redemption that the plaintiff should pay the judgment for $1,019.48 recovered against her by the trust company in another action, or deduct the amount thereof from the sum to be paid her, if she elects to accept the value of her inchoate right of dower. The trial judge denied this relief and the theory upon which the Appellate Division proceeded in granting it was, that inasmuch as the judgment was a just debt, the trust company should not be compelled to collect it " by circumlocution," but that " all of the equities should be adjusted now, and all matters in any way connected with the property finally adjusted between the parties." The subject received only incidental consideration in the opinion, and we think that error was inadvertently committed by the modification.

The circumstances did not call for a general adjustment of equities between the parties, but only such as were directly connected with the land in question, and " for which the purchaser would be entitled to hold the land as security." (*Par-*

*mer* v. *Parmer*, 74 Ala. 285, 289 ; 2 Jones on Mortgages, § 1070.) The judgment which the plaintiff was in effect ordered to pay had no connection with that land and was never a lien thereon. There was no more reason for deducting it than if it had been recovered on a promissory note, given for a grocery bill and purchased by the trust company. If she ever redeems, the judgment will attach as a lien on the premises at the moment of redemption and it does not appear that there is any other judgment against her to get in ahead. Her suit to redeem cannot be turned into an agency of collecting general debts from her. That would not be equitable, for it would introduce a contract made with a third person, foreign to that on which redemption is based and the result might defeat redemption if the plaintiff was unable to pay the judgment. As was well said by the trial justice in his opinion : " Had the plaintiff been made a party to the foreclosure and offered to redeem before the sale, she could not have been required to pay as a condition of such redemption a deficiency judgment obtained on another foreclosure relating to other property." It was not owing to her mistake that she was not made a party and she should not be required to pay more now, taxes and interest excepted, than she would if the foreclosure action had been regular and she had redeemed therein. As we bound the relief in her favor by the rule of equity, we must limit the relief against her by the same rule.

The judgment of the Appellate Division should be modified by striking out the provision " requiring the plaintiff to pay the judgment of $1,019.48 if redemption is had, or in the alternative deducting the amount of the judgment from the sum to be paid by the defendant," and also the provision allowing costs to the defendant, the Fidelity Trust Company and, as thus modified, affirmed, without costs to either party in either court. The appeal from the intermediate order should be dismissed, without costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment accordingly.