Love, J.
The order appealed from denied the defendants’ motion to compel the plaintiff to deliver an assignment of a bond and mortgage as provided for by section 275 of the Beal Property Law, struck out defendants’ amended answer, granted an additional allowance and a judgment of foreclosure and sale.
There had been a foreclosure action in 1941. The property was purchased by plaintiff and a contract of sale made between plaintiff and one Edward F. Green who entered into possession. Plaintiff had previously entered into possession under a clause in the mortgage, after default in payments due.
In that action the only defendants named were Mae B. Mott, individually and as administratrix c. t. a. of the estate of Clarence Smith Mott, deceased, who was the mortgagor, and the People of the State of New York.
It was then discovered that Mae B. Mott was a sister-in-law of the deceased, appointed administratix c. t. a. of the estate of Clarence Smith Mott because May P. Mott, wife, executor of the estate, and devisee of the property of, Clarence Smith Mott, had predeceased him.
The instant action was begun in 1946. So far as the record discloses appellants were first apprised of their interest in the premises when served therein.
Service of all defendants was completed in March, 1947, and in April, 1947, plaintiff assigned all interest in the premises and the bond and mortgage to Green with the right to continue the action in its name.
The only answering defendants are the appellants, who are cousins of the deceased and owners of an undivided one-sixth interest in the premises.
In the answer two counterclaims are set up. The first alleges that plaintiff entered into possession in 1941, without their permission or consent, continued in that possession and collected the rents, issues and profits thereof, that the mortgage debt has been at least partly satisfied by those rents and profits, that the extent thereof is not known to defendants, that defendants have offered to tender principal and interest due and, in order to do so, have requested an accounting to determine the amount due but plaintiff has failed to render an account and has refused the offer of tender.
The second counterclaim alleges that defendants are lawfully seized in fee of an undivided sixth part entitled to immediate possession and plaintiff withholds same.
*299 Attempts were made by appellants to negotiate and reach an agreement as to the amount due, without success. On September 8, 1947, appellants obtained a court order appointing a referee to compute the amount due to plaintiff.
Without a hearing, agreement as to the amount due was had. Thereupon the referee filed his report showing such amount to be due.
Unsuccessful attempts to pay to plaintiff the amount due with costs, followed.
By notice of motion dated March 4, 1948, appellants moved for an order under section 275 of the Real Property Law, compelling plaintiff to execute and deliver to a person designated by appellants, an assignment of the bond and mortgage herein, without recourse, upon payment to plaintiff of the sum of $5,914.12, with interest from February 2, 1948, the usual fee for drawing the assignment and the taxable costs to October 17, 1946, the date of tender.
Plaintiff made a cross motion for an order striking out the amended answer of appellants under rule 113 of the rules of Civil Practice, and for an order granting plaintiff an additional allowance of $147.85.
Appellant’s motion was denied and respondent’s motion was granted.
Section 275 of the Real Property Law was enacted in 1914. (L. 1914, ch. 408.) It clearly provides for the execution and delivery by the owner and holder of a mortgage of an assignment of a mortgage which has become due and payable, after a demand therefor has been made and the full amount of principal and interest due has been tendered or paid, without any other considerations being taken into account.
In actions to redeem the equities were taken into account.
Such are Mickles v. Dillaye (17 N. Y. 80, [1858]) and Mackenna v. Fidelity Trust Co. (184 N. Y. 411, [1906]).
In those cases equitable considerations were knowledge of material increase in value or of the making of valuable and permanent improvements and plaintiffs’ standing idly by without bringing action for a period of years.
Since 1914, one having an interest in real property, the subject of a foreclosure action, may make a motion, under section 275, within the foreclosure action. He is not forced to assert his remedy in a separate action or by way of answer in the foreclosure suit.
The only interest the plaintiff has is to receive all that is coming to it upon the bond and mortgage and to be reimbursed *300 for the costs of the action. (Mahnk v. Blanchard, 233 App, Div. 555, [1931].)
The error in the foreclosure action in 1941 and the assignment of interest in the premises and of the mortgage taken by Green in 1947, very shortly after the commencement of the instant action may leave him in a strange situation but they were not even known to these appellants, nor was their interest in the property known to them, before they were served in the 1947 action so far as the record discloses.
The tenants in common, other than the appellants, are in no wise prejudiced by a transfer of the bond and mortgage to appellants.
Any one to whom the mortgage is assigned can do no more than the present holder of the mortgage.
We feel that the mandate of the section must be obeyed.
The order appealed from should be reversed on the law, with $10 costs and disbursements, and the motion of defendants-appellants granted, with $10 costs, and the motion of plaintiff-respondent denied, with $10 costs.
All concur. Present — Taylor, P. J., McCurn, Love, Vaughan and Piper, JJ.
Order reversed on the law, with costs and disbursements, and defendants’ motion granted, with $10 costs, and plaintiff’s cross motion denied, with $10 costs.