KINCAID vs. School District No. 4, in BRUNSWICK.

A tender made by an inhabitant of a School District, to one having a claim against it, is valid, though such inhabitant was not thereto regularly authorized by the District.

But were it otherwise, if the District in defence of an action brought against it, plead and rely upon such tender, it would be a ratification equivalent to previous authority.

IN this case, which came up from the C. C. Pleas on exceptions to the ruling of the Judge, the plaintiff claimed to recover $110, compensation for his services in repairing a school-house. The defendants proved a payment of $63,43 in part, and relied on a tender of $36,67 for the residue. The tender was made by one Humphrey Snow, an inhabitant of said District, he having no prior authority for that purpose regularly given him by the inhabitants of said District. The plaintiff refused to receive the tender in full of his claim, but was willing to take it and give a receipt for the amount.

At the trial the plaintiff's counsel denied the sufficiency of the tender, both as it regarded the amount, and the authority of the person making it.

Whitman C. J. ruled that Snow, as an inhabitant of said District, had a right to make the tender, leaving the question of its sufficiency as to amount to the jury, who returned a verdict for the defendants.

Mitchell, for the plaintiff, insisted that Snow had no authority to make the tender. Quasi corporations can only act in their corporate capacity; and their acts can only be proved by the record. No such evidence of Snow's agency or authority being produced, his acts cannot affect the rights of the plaintiff. Nor was the District bound by his tender. Suppose it had been more than the District admitted to be due, could he call upon the District to indemnify him?

But if Snow had authority, the tender was made under such qualifications as rendered it of no avail. A party in making a tender has no right to demand a discharge in full for the debt. Brown v. Gilmore, 8 Greenl. 107; Thayer v. Bracket, 12 Mass. 450.

*Packard,* for the defendants, cited 5 *Dane's Abr.* 493 ; *Bac. Abr. Art. Tender, sec.* 8 ; *Clement* v. *Jones,* 12 *Mass.* 65.

MELLEN C. J. — This case comes before us on exceptions, and the only question thereby presented is, whether the instruction of the Judge before whom the cause was tried in the Court of Common Pleas was correct in respect to the tender on which the defendants relied. A payment of $63,43 was proved in part of the plaintiff's demand, and a tender was made of $36,67. The Judge instructed the jury that the tender was made by a person lawfully authorized to make it, and that the sum tendered was sufficient — if they should be satisfied that the labor and materials furnished by the plaintiff were not worth more than $100. By the verdict given, the jury have found the claim of the plaintiff not to exceed $100. — It does not appear on what particular ground the tender was refused ; but by the offer made by the plaintiff to receive the sum and give a receipt for its amount, (though not *in full* of his demand,) it would seem that he objected to nothing but the amount. But a part of the instruction was, that the tender made by *Snow* was good ; that is, that he was empowered to make it. A tender by a mere stranger is not a valid one ; but a person who has an interest in the consequences of a tender may make an effectual tender. *Co. Lit.* 208 ; 5 *Dane,* 495. *Snow* is an inhabitant of the District, and as such stands liable to have his property seized and sold on execution, should the plaintiff obtain judgment in this case. Such a direct interest as this, we think, entitled him to make the tender, according to the spirit of the decisions on this point. But there is another ground on which the tender may be considered good. It is a well settled principle of law, that a tender may be made as well by an authorized agent as by the debtor himself; and it is also a plain principle that a ratification of an act done without authority, is equivalent to a previous authority. No authorities need be cited in support of either of these principles. Admitting that *Snow* was not authorized to make the tender, still his act in making it has been distinctly recognized and sanctioned by the School District, in placing their defence upon this tender made by *Snow*. This is an adoption of *his* act as *their own*; and corporations may thus sanction an act by *implication* as well as individuals.

*Exceptions overruled, judgment on verdict.*