MARIE A. ROBERTS v. THOMAS J. MEIGHEN and Another.

November 22, 1898.

Nos. 11,262—(97).

**Foreclosure of Mortgage—Notice of Intention by Judgment Creditor of Husband to Redeem—Tender by Wife of Amount of Judgment.**

The plaintiff and her husband executed a mortgage to secure his debt upon his land. The mortgage was assigned to W., who foreclosed it, and became the purchaser of the land at the sale. He thereafter agreed

74 M.—18

with plaintiff that, if no redemption was made from the sale, he would convey the land to her for the amount of the purchase price paid by him and interest, to be paid in cash, or, at her option, one-half thereof in cash, and the balance in two years to be secured on the land. Afterwards the defendant M. docketed a judgment against the husband, and filed a notice of his intention to redeem the land from the foreclosure sale by virtue thereof. Thereupon, before the year for redemption had expired, the plaintiff duly tendered payment of the judgment, which M. refused; and, after the expiration of the year, he attempted to redeem from the sale. *Held*, that the plaintiff was not a mere volunteer in making such tender, but she had a right so to do, and that the act of M. in attempting to so use the judgment after the tender was in his own wrong, and equity will set it aside.

Appeal by defendant Meighen from an order of the district court for Rock county, P. E. Brown, J., overruling a demurrer to the complaint. Affirmed.

*H. S. Bassett* and *M. W. Chunn*, for appellant.

As to property rights, debts and dealings with each other and third parties, husband and wife are independent of each other, except as to dealings in lands, one with the other. They are not liable for each other's debts, and a wife may buy her husband's property at execution or foreclosure sale. G. S. 1894, §§ 5530-5536; Hossfeldt v. Dill, 28 Minn. 469; Gillespie v. Gillespie, 64 Minn. 381. Plaintiff had a right to redeem from the foreclosure. G. S. 1894, § 6064; Williams v. Stewart, 25 Minn. 516. She had no right to pay or tender payment of the judgment debt, unless necessary to protect her inchoate right in the land. Such payment or tender was not necessary. Dayton v. Corser, 51 Minn. 406. A creditor is not bound to accept payment from a third party, and release his security. Moynahan v. Moore, 77 Am. Dec. 468, note 478(f); Mahler v. Nowbaur, 32 Cal. 168; Byington v. Buckwalter, 7 Iowa, 512. Tender by the judgment debtor, much less by a stranger, does not satisfy the judgment or release the lien, though it may give equity occasion to interpose. Rother v. Monahan, 60 Minn. 186; Schroeder v. Lahrman, 28 Minn. 75; Black, Judg. §§ 477, 988; Tiffany v. St. John, 65 N. Y. 314; Jackson v. Law, 5 Cow. 248. Plaintiff had no right to complain of the redemption by defendant.

Willard v. Finnegan, 42 Minn. 476. She affirmed the foreclosure sale by her contract. Williams v. Stewart, supra. Even if equity would have enjoined defendant from enforcing his lien or redeeming, it is now too late for plaintiff to object. She and defendant Webber are estopped to object to his right to redeem, and have waived objection thereto. Kilbride v. Munn, 55 Iowa, 445; Stoddard v. Forbes, 13 Iowa, 296; Freeman, Excn. §§ 314, 317; Blake v. McKusick, 8 Minn. 298 (338); Baldwin v. Allison, 4 Minn. 11 (25); Merchant v. Woods, 27 Minn. 396; Olson v. Northwestern G. L. Co., 65 Minn. 475.

*E. H. Canfield*, for respondent.

Plaintiff had a right to redeem, both as mortgagor and because she had a property interest in the land. It follows that she had a right to pay off any other lien or incumbrance that could affect her title. Commercial Bank v. Burckhalter. 98 Ga. 736; Merselis v. Van Riper, 55 N. J. Eq. 618; Swaine v. Perine, 5 Johns. Ch. 482; Bell v. Mayor, 10 Paige, Ch. 49. On foreclosure of a mortgage executed by the husband alone, the wife may redeem. Butler v. Thornburgh, 141 Ind. 152; Frisbee v. Frisbee, 86 Me. 444; Smith v. Hall, 67 N. H. 200. The purchaser at the foreclosure sale could assail a redemption by Meighen on account of extrinsic facts. Willard v. Finnegan, 42 Minn. 476. A person having an interest in the consequences of a tender can make an effectual tender. 25 Am. & Eng. Enc. 918; Kincaid v. School District, 11 Me. 188; Hampshire v. Billings, 17 Pick. 87; Noyes v. Wyckoff, 114 N. Y. 204. Defendant is in no position to question plaintiff's right. His act, in attempting under the circumstances to use the judgment for redemption, was in his own wrong. The court will set aside the attempted redemption, and compel him to accept the money and satisfy the judgment. Rother v. Monahan, 60 Minn. 186; Mason v. Sudam, 2 Johns. Ch. 172; Tiffany v. St. John, 65 N. Y. 314. If Webber accepted the redemption money in ignorance of the tender, he was not estopped. 7 Am. & Eng. Enc. 14, 15. Even if Meighen could claim an estoppel as against Webber, plaintiff is not estopped.

START, C. J.

The complaint herein alleged these facts:

On October 28, 1893, the plaintiff and her husband, C. H. Roberts, executed a mortgage, which was recorded, upon a lot then occupied by them as their homestead, the title thereto being in the husband, to W. H. Randall and S. H. Holbert, to secure the payment of certain promissory notes therein described and executed by the husband alone. The mortgage and debt thereby secured were duly assigned to the defendant Martin Webber, who, upon default in the conditions of the mortgage, foreclosed it by action, and became the purchaser of the premises at the foreclosure sale, on January 25, 1896, for the sum of $432, the amount then due on the mortgage, with costs and attorney's fees, which sale was duly confined January 31, 1896. No redemption from this sale was ever made by the husband or any other party, except as hereinafter stated. After such sale, and on January 28, 1896, the defendant Webber and wife and the plaintiff duly entered into a contract, by the terms whereof it was agreed that Webber and wife should, in case there was no redemption from the foreclosure sale, convey the premises to the plaintiff upon her paying to Webber the sum of $382.05, with interest at 10 per cent. per annum, with the option of paying one-half of the amount in cash on the expiration of the time allowed for redemption, and the balance in two years, with interest to be secured by a first mortgage on the premises. The plaintiff, as a part of such agreement, paid to Webber the amount of all costs, expenses and attorney's fees on the foreclosure sale, leaving only the sum of $382.05 unpaid by her. The defendant Thomas J. Meighen duly recovered and docketed on January 16, 1897, in the county wherein the premises are situated, a judgment for $27.25 against the husband, C. H. Roberts, and on the same day duly filed a notice of his intention to redeem the premises from the foreclosure sale. Thereupon, and on January 25, 1897, the plaintiff duly tendered to the defendant Meighen the full amount then due on his judgment, which was refused; but the plaintiff ever since has been, and still is, ready to pay to him the amount so tendered. Thereafter, and on February 6, 1897, he attempted to redeem the premises from the foreclosure sale by virtue of his judgment, and

paid to the sheriff of the proper county for such purpose the sum of $481.25, who executed to him the usual certificate of redemption which has been recorded. The plaintiff is, and has been at all times since January 31, 1897, ready to pay the sum of $382.05, with interest, in accordance with the terms of her contract, to the defendants, or either of them, as the court may direct. The complaint prayed for both specific and general relief.

The defendant Meighen interposed a general demurrer to the complaint, and he appealed from the order of the court overruling it.

The defendant's contention in support of his demurrer is that the plaintiff, in making tender of payment of his judgment, was a mere volunteer,—an officious intermeddler, with no interest to protect by discharging the lien of the judgment. If such be the case, the complaint does not state a cause of action. But it is otherwise if she had any interest to protect by payment of the judgment, no matter how small the interest, or whether she had some other remedy for its protection. Thus, in the case of Kincaid v. School District, 11 Me. 188, it was held that a tender by an inhabitant of a school district to one having a claim against it was valid, though not authorized by the district. It may be conceded for the purposes of this case that, if the wife has no pecuniary interest to protect thereby, she is a mere volunteer if she pays or tenders payment of her husband's debts. The defendant admits, as it must, that the plaintiff had a right to redeem from the foreclosure sale. Williams v. Stewart, 25 Minn. 516.

Stated briefly, the defendant's claim is that the plaintiff, in making the tender, was a mere volunteer, because the judgment was not a lien on her inchoate interest in the land (Dayton v. Corser, 51 Minn. 406, 53 N. W. 717); that Webber, the purchaser at the foreclosure sale, could not pay the judgment, because the lien thereof was subordinate to his own; that he could not give to plaintiff any greater rights than he possessed and that the plaintiff's only remedy was to redeem from the sale within the year.

It is true the judgment was not a lien on her inchoate interest in the land; that the purchaser at the foreclosure sale could not confer upon her the right to pay the judgment after her interest in

the land had ceased, and that she had a right to redeem in order to protect her interest. Such a remedy, however, in view of the nature of her interest in the land, was impracticable, for by redeeming she would not only pay her husband's debt, but annul the sale. Then, to adjust the equities between her and her husband, and to secure contribution from him and a lien on the land for the amount thereof, she would probably be compelled to resort to litigation, with its attending vexations, costs and delays. She therefore entered into an agreement with the purchaser whereby she could protect her interest, and obtain not only additional time in which to pay the amount necessary to be paid for that purpose, but her husband's interest in the land as indemnity for such payment. After this agreement was made, there was but one contingency which could defeat her original interest in the land; that was a redemption by a lien creditor, because, if her husband or his grantee redeemed, it would annul the sale, and her interest would then stand precisely as it did before the mortgage was given. There was no such creditor at the time she made the agreement and paid the costs and attorney's fees on the sale; but as the time in which a redemption must have been made, if at all, was about to expire, the judgment was docketed, and the notice of intention to redeem was filed by the defendant. This directly menaced her original interest in the land, for, if the defendant redeemed, he would acquire thereby, not only the husband's title, but her interest in the land.

The simple, direct, practical and comparatively inexpensive way to protect her interest was to pay the defendant's judgment, instead of redeeming, and she was not a mere volunteer in making the tender. The plaintiff having the right to make the tender and having duly made it, this case falls within the doctrine of the case of Rother v. Monahan, 60 Minn. 186, 62 N. W. 263. The act of the defendant in attempting to use the judgment after the tender was made was in his own wrong, and equity will right the wrong. The facts alleged in the complaint do not show that the defendant Meïghen is, as claimed, a purchaser in good faith without notice; nor does it appear therefrom that the plaintiff is estopped from asserting the invalidity of the defendant's attempted redemption.

Order affirmed.

CANTY, J. (dissenting).

For the reasons stated in the foregoing opinion, I dissent. Plaintiff had no interest to protect by buying Meighen's judgment, for the reason that, according to the doctrine of Dayton v. Corser, supra, that judgment was not a lien on her inchoate statutory dower. By redeeming within the year, she could protect that dower, and prevent Meighen from redeeming under his judgment. She would then have a lien paramount to the judgment, on her husband's interest in the land, for the money paid by her to redeem, or the proper portion of it; and in an action against her husband she could enforce contribution, and foreclose that lien. But, when she foreclosed that lien, Meighen would again bob up with the same right to redeem, and it would not be in her power to prevent his redemption by tendering payment of his judgment, as she would still be a mere volunteer, with no interest to protect by paying the judgment. But the majority of the court have invented a new principle of law. They say that her interest in getting rid of litigation with her husband is a sufficient interest to protect, although that litigation could never have accomplished the desired end of so getting rid of this judgment, as to prevent a redemption under it. In my opinion, the order appealed from should be reversed.