CAROLINA KOPP v. GEORGE THELE and Another.[1]

May 15, 1908.

Nos. 15,697—(188).

**Redemption by Wife of Husband's Land.**

> The plaintiff and the defendant K., as husband and wife, executed a mortgage on his land, which was foreclosed. The husband did not redeem from the foreclosure sale, but the plaintiff, as his wife, did, and since then she has been in possession of the land. Thereafter they were divorced, and he conveyed his interest in the land to the defendant T. *Held*, that the plaintiff had a right to redeem the mortgaged premises from the foreclosure sale; that such redemption annulled the sale; and that T. owns the land, subject to a lien thereon in favor of the plaintiff for the amount she paid to redeem, with interest, less the net value of the use of the land while in her possession.

Action in the district court for Hennepin county to determine adverse claims to certain real estate. The case was tried before Simpson, J., who found as conclusion of law that defendant Thele was the owner in fee of the premises, subject to the lien of plaintiff as stated in the opinion. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Chas. E. Bond,* for appellant.

*G. A. Will,* for respondents.

START, C. J.

Action in the district court of the county of Hennepin to determine adverse claims to the real estate described in the complaint, which alleged that the plaintiff was in the possession of the premises; that the defendants, and each of them, claimed some adverse estate or interest therein or lien thereon. The defendants answered separately, putting in issue the allegations of the complaint. The defendant Thele also alleged title in fee in himself, and prayed judgment accordingly.

The issues were tried by the court without a jury, and findings of fact and conclusions of law were made and filed to the effect follow-

[1] Reported in 116 N. W. 472.

ing: On October 1, 1900, as shown by the undisputed evidence, the defendant Louis C. Kopp and the plaintiff were husband and wife, and on that day they executed a mortgage on the premises, which the husband then owned in fee. This mortgage was duly foreclosed and the premises sold to the mortgagee for the amount due thereon. Before the expiration of the time allowed for redemption, and on November 23, 1904, the plaintiff, as the wife of the mortgagor, the defendant Kopp, duly redeemed the premises from the foreclosure sale. She has ever since been in possession of the premises, by her tenants, receiving the rents and profits thereof. On April 24, 1905, the plaintiff and her husband, the defendant Kopp, were duly divorced on her complaint. Thereafter, and on December 28, 1906, the defendant Kopp conveyed all his interest in the premises to the defendant Thele, who is now the owner in fee thereof, subject to the plaintiff's equitable lien thereon for the amount, with interest, paid by her on the redemption from the foreclosure sale, less the value of the use of the land since such redemption. Judgment was directed accordingly. The plaintiff appealed from an order denying her motion for a new trial.

The assignments of error raise this question: What was the legal effect of the plaintiff's redemption of the premises from the foreclosure sale? In considering this question, we assume that the mortgage was given not only upon the husband's land, but also to secure his debt, and not that of the wife. If we understand the contention of counsel for plaintiff, it is to the effect that, when she redeemed her husband's land from the foreclosure sale, in order to protect her statutory rights therein, the sale was annulled, but by operation of law his title to the land was assigned or transferred to her. The contention, as stated in his brief, is this: "The law says to the wife, in effect: 'If you take the necessary steps to preserve your rights, your acts will be protected, and you shall have the benefits resulting from the position taken by you.' The law offers to the wife an assignment of the husband's interest in his real property whenever an assignment becomes necessary to protect her inchoate interest. It says to her: 'All that you need do is to act in such a manner as to indicate that you intend to accept that which the law holds out to you for your acceptance.' And, when the wife has availed herself of this

privilege offered by the law, her rights become vested to the same extent as though the transfer had been a voluntary one on the part of the husband."

The case of Law v. Citizens' Bank of Northfield, 85 Minn. 411, 89 N. W. 320, 89 Am. St. 566, is cited in support of this contention. That case is not in point, for it was one where a purchaser at a void foreclosure sale who thereby paid the mortgage went into possession of the mortgaged premises, with the consent of the mortgagor, and remained there until the time for redeeming from the mortgage had expired, and it was held that he had a subsisting interest in the premises under the mortgagor's title, and could redeem them from a subsequent foreclosure sale of a senior lien. Counsel also cites the case of Mackenna v. Fidelity Trust Co., 184 N. Y. 411, 77 N. E. 721, 3 L. R. A. (N. S.) 1068, 112 Am. St. 620. The language used in the opinion of the court seems to support to some extent the contention of the plaintiff, but, however this may be, the question under consideration must be determined by our statute, as construed by this court, which provides that the mortgagor, his personal representatives or assigns, may, within twelve months, redeem the land sold on foreclosure sale, and that, if any of them do, the redemption annuls the sale. R. L. 1905, §§ 4480–4484. Construing these provisions of the statute, this court has held that the wife has, by virtue of the statute, such an interest in the lands of her husband that she is entitled to redeem them from a foreclosure sale thereof in order to protect her interests, and, if she does, the redemption annuls the sale. Williams v. Stewart, 25 Minn. 516; Herber v. Christopherson, 30 Minn. 395, 15 N. W. 676; Roberts v. Meighen, 74 Minn. 273, 77 N. W. 139. It follows that, when the plaintiff redeemed in this case, the foreclosure sale was annulled, leaving the legal title to the land the same as if the mortgage had never been given. Therefore her redemption could not have the effect, either in law or equity, of transferring the husband's title to the land to her. But, she having redeemed for the protection of her own interest in the premises, which necessarily resulted in protecting her husband's title, she was not a mere volunteer. Hence she is entitled, by subrogation, to an equitable lien upon the land for the amount paid on the redemption.

This brings us to the last question in the case. The plaintiff urges that it was error for the trial court to receive evidence as to the rental value of the premises and in holding that she must account for the use of the premises, for the reason that no such issue was made by the pleadings. If error was committed, it was not prejudicial to the plaintiff, for she made no claim that, in the event the title should be held to be in the defendant Thele, it be adjudged that she had a lien on the premises for the amount she paid on the redemption. But the trial court, having determined that such defendant was the owner in fee of the premises, justly and properly made the order for judgment which it did make, to the end that the judgment should not be a bar against the enforcement of the lien. The net value of the use of the premises, to be deducted from the amount paid on the redemption, was not determined by the court, but upon the remand of the case to the district court either party has a right to apply to that court, on notice and further proof, to determine definitely the amount of the plaintiff's lien, to the end that it may be inserted in the judgment to be entered and the litigation ended.

Order affirmed.