MARY L. RYDER *vs.* BROCKTON SAVINGS BANK & another.

Plymouth.   March 10, 11, 1920. — April 5, 1920.

Present: RUGG, C. J., BRALEY, PIERCE, & JENNEY, JJ.

*Equity Jurisdiction,* To redeem from mortgage.   *Mortgage,* Of real estate.   *Husband and Wife.   Dower.   Attachment.*

A wife, who, for the purpose of releasing her rights of dower and homestead and rights given her by statute, joined with her husband in a mortgage of real estate owned by him, may maintain a bill in equity to redeem the real estate from the mortgage.

A wife's inchoate right of dower in real estate of her husband gives her no right to maintain a bill in equity to redeem real estate of his from a mortgage made by him in which she did not join.

While one, who has an attachment upon real estate subject to a mortgage, has a right to redeem from the mortgage, if, without making to the mortgagee any tender of the amount due upon the mortgage obligation, he permits the property to be sold at a sale duly conducted in execution of a power of sale in the mortgage deed giving the mortgagee the privilege of becoming a purchaser at the sale, his right of redemption is lost, although he attended and was a bidder at the sale and the mortgagee became the purchaser.

A sale in foreclosure of a mortgage of real estate is not rendered invalid by the facts, that the mortgagee was actuated by the purpose and intention, not merely of procuring what was due him under the mortgage but also of procuring the property as his own and of excluding both the mortgagor and his wife therefrom, both when he took the mortgage, in which the mortgagor's wife did not join because she was estranged from him, and later when, upon foreclosure under a power of sale which gave him the privilege of purchasing at the foreclosure sale, he outbid the wife at the sale and purchased the property.

BILL IN EQUITY, filed in the Supreme Judicial Court on November 10, 1919, against the Brockton Savings Bank and one Merton F. Ellis, in which the plaintiff alleged in substance that the plaintiff's husband, Henry H. Ryder, had made three mortgages of real estate on Main Street in Brockton to the defendant bank and that she had joined therein for release of her dower and homestead rights and other rights by statute; that

at some time after the giving of those mortgages the plaintiff and her husband became estranged and, while they were so estranged, the husband gave to the defendant Ellis a mortgage of the same premises for $5,000, in which she did not join; that on December 22, 1917, the defendant Ellis entered upon the premises for purposes of foreclosure and that on January 18, 1918, the premises were sold at a sale under the power of sale in his mortgages for $8,000, subject to the mortgages to the defendant bank, and that he became the purchaser; that a default of the conditions of the mortgages to the defendant bank had occurred, and that the bank had begun foreclosure proceedings. Material prayers of the bill were that the defendant bank be restrained from proceeding with the foreclosure sale; that the defendant Ellis be required to account for the income and profits from the property and therefrom to satisfy the conditions of the mortgages to the defendant bank; that the "defendant Ellis,—if it be found that he refrained from paying the instalment of interest now in default with said defendant bank for the purpose of causing the proposed foreclosure, in order, fraudulently, to deprive the plaintiff of her dower right, and such other rights as she may have in the premises,—be directed and ordered to convey his equity of redemption in the premises to the plaintiff, or" that the "defendant Ellis,—if it be found that he refrained from paying the instalment of interest now in default with said defendant bank, for the purpose of causing the proposed foreclosure, in order, fraudulently, to deprive the plaintiff of her dower right, and such other rights as she may have in the premises,—be directed and ordered to relinquish to the plaintiff possession and management of said premises; and that if it becomes necessary to place another mortgage or mortgages to replace those now held by the defendant bank, that the defendant Ellis be directed and ordered to transfer his title to said property to the plaintiff, temporarily, for the purpose of replacing said mortgages."

The bill was referred to a master. Pending hearings before the master, the plaintiff was allowed to amend her bill to add allegations to the effect that the defendant Ellis's course of conduct in the premises had been to carry out an intention on his part, conceived before he took the mortgage from the plaintiff's husband, to get possession of the property as his own, and that, when he

began foreclosure proceedings on his mortgage, no breach of the mortgage had occurred. The amendment also added prayers seeking in effect that there should be an accounting between the defendant Ellis and the plaintiff's husband, and that, upon payment to Ellis of the amount thus found due, his mortgage should be discharged.

The master filed a report, and both the plaintiff and the defendant Ellis filed objections and exceptions thereto. Material facts found by the master are described in the opinion. The suit then was heard by *Crosby*, J., by whose order an interlocutory decree was entered overruling the plaintiff's exceptions to the master's report and sustaining some of the defendants' exceptions, which are not now material. On the matter of a final decree, the single justice filed the following memorandum:

"The plaintiff's husband, Henry H. Ryder, gave to the defendant bank three mortgages, described in the bill, conveying a certain parcel of land in Brockton. He subsequently executed to the defendant Ellis a fourth mortgage upon the same land. The plaintiff joined in the three mortgages to the bank and executed each of them in release of her dower interest in the premises conveyed. Upon the findings of the master, it appears that, at the time when the bank began proceedings for the foreclosure of the three mortgages held by it, there was a breach of the conditions of the mortgages and that the bank is legally entitled to foreclose. The master finds, and it is agreed, that the plaintiff did not join in the fourth mortgage given by her husband to the defendant Ellis but that the property therein described was conveyed subject to the plaintiff's right of dower. I am of opinion and rule that, as the plaintiff did not release her right of dower in the mortgage given by her husband to the defendant Ellis, her inchoate right of dower remains unimpaired and that she is not entitled to maintain the bill against Ellis. I also rule that, if the bill is to be treated in part as a bill to redeem from the mortgages held by the bank, the plaintiff could maintain a bill for that purpose if she had paid or tendered to the bank the amounts severally due and payable on the mortgages and had tendered the performance of the other conditions contained therein; but, as she has neither paid nor tendered such amounts nor offered in the bill to make such payments, she is precluded from maintaining the bill against the bank.

It follows that a final decree is to be entered dismissing the bill as amended as to each defendant, without costs."

Thereafter, the plaintiff was permitted further to amend her bill by adding allegations that she was ready and willing and offered to pay what was due, both upon the mortgage held by the defendant bank and upon the mortgage given by her husband to the defendant Ellis, and by adding prayers that she be allowed to pay such sums and to redeem the mortgages.

The single justice then reported the suit to the full court for determination upon the pleadings, as amended, the master's report, the exceptions thereto and the memorandum and order for a decree.

*M. H. Sullivan,* for the plaintiff.

*C. G. Willard,* for the defendant Ellis.

*A. F. Barker,* for the defendant bank.

BRALEY, J. The plaintiff, the wife of the mortgagor Henry H. Ryder, having joined releasing dower in the mortgages, three in number, given by him on his real property to the defendant bank, the foreclosure of which had been begun when the bill was filed but has been suspended during the litigation, can maintain the bill as amended for leave to redeem. *Newhall* v. *Lynn Five Cents Savings Bank,* 101 Mass. 428, 430. *Fitcher* v. *Griffiths,* 216 Mass. 174. R. L. c. 187, § 22.

But, a fourth mortgage having been given to the defendant Ellis, who as between himself and the bank is a second mortgagee, which has been foreclosed by Ellis under the power of sale, the plaintiff, who did not join in the mortgage, also claims that she is entitled to redeem from this mortgage, because, the equity of redemption being extinguished by the foreclosure, subrogation to the rights of the bank will not furnish any protection against the complete destruction of her dower rights. A wife, even after a sale of the mortgaged premises where she joins in the mortgage, may, during the life of her husband, bring a bill to redeem and test the validity of the foreclosure, for if the foreclosure stands her inchoate right is lost. *Pierce* v. *Chace,* 108 Mass. 254. *Kopp* v. *Thele,* 104 Minn. 267. *Mackenna* v. *Fidelity Trust Co.* 184 N. Y. 411. It is true that the right rests on marriage and the seisin of the husband through whom the wife acquired an interest in the premises which she can protect only by redemption. If she re-

deems, the husband's title is not transferred to her, although by subrogation she succeeds to all the rights of the mortgagee. *Kopp* v. *Thele*, 104 Minn. 267. It is plain, however, that the fourth mortgage is not an incumbrance on her right to dower: a right inhering not merely in the equity of redemption but in the entire property subject to the mortgages to the bank. The plaintiff, if she survives her husband and the bank's mortgages are not foreclosed, can demand and have her dower assigned even if there has been a foreclosure of the fourth mortgage. If she needs no protection because her rights have not been invaded, there is no sufficient ground on which equitable relief can be granted. *Opdyke* v. *Bartles*, 3 Stockt. 133. It appears from the master's report that when all the mortgages have been satisfied the equity has a very substantial value, and if the foreclosure is not set aside the defendant Ellis, who purchased at the sale in foreclosure of his own mortgage, can redeem from the prior incumbrances. It may be that he does not intend to, for the record shows that he urged the bank to foreclose, with the apparent intention of purchasing at the sale and thereby obtaining an unincumbered title. But, while the position of the plaintiff is unfortunate owing very largely to vexatious marital conditions, we cannot create in her behalf a legal or equitable right where fundamentally none exists.

The record states that at the date of foreclosure the property was subject to an attachment for her sole benefit under the provisions of an agreement of separation and of support entered into between herself and husband through the medium of a trustee. The action brought in the name of the trustee is still pending, and she further contends that, to protect and save her rights thereunder, redemption should be decreed. *Briggs* v. *Davis*, 108 Mass. 322, 323. See *Newell* v. *Hadley*, 206 Mass. 335. An attaching creditor undoubtedly stands in the position of a purchaser for value. *Priest* v. *Rice*, 1 Pick. 164. *Coffin* v. *Ray*, 1 Met. 212. *Woodward* v. *Sartwell*, 129 Mass. 210, 212. *Waltham Co-operative Bank* v. *Barry*, 231 Mass. 270, 273. But even if it be assumed that a lien on the land subject only to the mortgages was acquired which she can enforce, the sale and conveyance under the power would pass an indefeasible title to the purchaser, cutting off all right of redemption by the mortgagor, or any one claiming under him. The power of sale provides that "upon any default in the per-

formance or observance of the foregoing condition or any condition in any prior mortgages" the mortgagee may foreclose, and, it being plain on the record that the interest due the bank and the taxes were in arrears, there was a breach which warranted the foreclosure of that mortgage. It would follow that, as no execution could be levied on the land by force of an attachment subsequent to the mortgage, the sale under the power converted the land into money which is to be applied first to the satisfaction of the mortgage, and that any surplus remaining belongs to the same person as the land before the sale. *Wiggin* v. *Heywood,* 118 Mass. 514, 516.

The plaintiff to overcome this difficulty presses the argument that the lien of the attachment has not been lost. The duties resting upon a mortgagee when he institutes foreclosure proceedings have been so recently defined as not to require repetition. *Bon* v. *Graves,* 216 Mass. 440, and cases there cited. It is found that "the formalities of the sale were in accordance with the provisions of the power of sale contained in the mortgage." The plaintiff attended and bid at the sale, but her bid cannot be treated as a tender or offer to redeem. It was merely an announcement in response to the call of the auctioneer of the amount she was willing as a purchaser to pay for the property. It lacked the necessary incidents of a tender, which if properly made and accepted would have prevented the sale, or, if refused, would have rendered the foreclosure invalid. The subsequent findings, that on all the evidence "the defendant outbid Mrs. Ryder because his primary purpose in selling the property under the power of sale in the mortgage was not to receive the money due him under his mortgage, but to retain possession and control of the property, and that he intended to prevent Mrs. Ryder as well [as] Mr. Ryder from owning the property because he wished to own it himself," are insufficient to invalidate the sale. The power permitted him to buy for himself if he were the highest bidder, and his desire to make as much money as possible by outbidding the plaintiff was not of itself blameworthy in the absence of any evidence showing bad faith in the exercise of the power. *Pilok* v. *Bednarski,* 230 Mass. 56, 58.

The result is that a decree for redemption is to be entered as to the mortgages held by the bank, the terms and conditions of which

are to be settled by a single justice, but that, as to the defendant Ellis, the bill is to be dismissed without costs.

*Ordered accordingly.*