MARGARET SOLOVICOS *vs.* MATTIE H. J. MacLACHLAN.

Essex.   October 22, 1920. — October 25, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Land Court,* Appeal, Finding by judge.   *Attachment.*

Upon an appeal to this court from a decree of the Land Court upon a petition for
 the registration of the title to land, only questions of law are open; and a finding
 of fact by the trial judge without a report of evidence will not be reviewed.
An attachment of real estate made by virtue of a writ which never was entered
 in court has no validity although it is not discharged of record.

PETITION, filed in the Land Court on September 29, 1919, for
registration of the title to land in Salem.

In the Land Court the petition was heard by *Davis,* J.   His
decision was as follows:

"This is a very distressing case.   The petitioner claims title
under an execution sale.   The respondent through sheer neglect
in taking efficient steps for her protection has lost, for a debt
originally amounting to about $500 at the most and as she claims
to only $200, real estate worth something over $4,500.   The re-
spondent has appeared throughout all proceedings *pro se,* and,
until this case came to trial, has allowed everything to go by
default.   The petitioner, on the other hand, is a purchaser for
value and, although warned by the respondent that she claimed
the property, has nevertheless, acting under advice, improved the
property to the extent of several thousand dollars.   The only
matter before this court, however, is as to the validity of the pe-
titioner's title.   If that is valid, the petitioner is entitled to a
decree.   This court has no other power in regard to the matter.

"The land in question was owned by the respondent's first hus-
band, Thomas E. Jewett, of Salem, who died on February 13, 1911,
testate, leaving all of his property to the respondent who probated
the will, and on March 20, 1911, was appointed executrix and duly
qualified.   Her inventory showed personal estate valued at over
$12,000, and real estate inventoried at $4,800.   The estate was
assessed for taxes on personal property in 1914 to the amount of
$248, and in 1915 for $260.40.   The respondent claims that the

assessment was too large, asserting that a portion of the personal property was in tax exempt securities. She wrote letters to the assessors in regard to the matter, but neither paid the taxes nor applied for abatement. Later she wrote letters to the county commissioners in regard to the matter, but failed to file either a formal application for abatement, or complaint appealing from a refusal of the assessors to grant the same. The collector then brought a suit against her for said taxes in the Superior Court, and attached the real estate. The respondent appeared *pro se* in that action, but did not answer. The plaintiff then made a motion to default her for failure to file answer, and the respondent attended for the purpose of being heard on the motion but it was not reached. She failed to attend when the motion was reached, and was defaulted. She did see the city solicitor and asked for delay, but it was not granted. The case then went to judgment, and execution was issued in the sum of $901.90 and costs. The execution was levied and notice of execution sale was given. The respondent then went to Salem and stayed until after the sale. She interviewed the mayor and attempted to have the sale postponed, and it was adjourned for one week. When the sale took place she was present. The property was purchased at the execution sale by one Sheehan for $1,000, and he received a sheriff's deed on December 21, 1917. The balance between the amount of the execution and costs and the $1,000 was paid over by the sheriff to the respondent. It seems almost incredible that the respondent should not have received advice or assistance from some one that would have resulted either in payment of the execution or in redemption from the execution sale. There was ample security. She did communicate with Sheehan who 'sympathized' with her, but otherwise gave her no relief. On April 3, 1919, Sheehan conveyed a portion of the property, being the land now in question, to the petitioner, who has given a mortgage back to Sheehan for $4,000.

"The petitioner has submitted the record title, and proved such facts outside the record as are necessary to the validity of the sale. The only objection suggested by the respondent is that an attachment made against her for $1,000 on January 4, 1915, upon a writ in favor of one Wadsworth, dated December 21, 1914, and returnable in the Superior Court in Suffolk County on the first Monday

of February, 1915, remained undischarged of record in the registry of deeds until January 2, 1919, when a certificate by the clerk of the Superior Court of non-entry of the said suit was filed in the registry of deeds. This attachment was not outstanding, however, in fact or in law, but was dissolved by failure to enter the action in which it was made. I am unable to find any invalidity in the execution sale or in the record title. There must be an entry of decree for the petitioner."

A decree accordingly was entered for the petitioner. The respondent appealed.

The case was submitted on briefs.

*M. H. J. MacLachlan,* respondent, *pro se.*

*G. C. Richards,* for the petitioner.

By THE COURT. This case comes before us on an appeal from the Land Court. Only questions of law raised on the record can be considered. The petitioner claims the real estate in question through an execution sale, respecting which the Land Court judge was unable to discover any invalidity and he found the title to be in the petitioner. Manifestly a pre-existing attachment made upon a writ never entered in court, although undischarged on the record of the registry of deeds, was no bar to the subsequent attachment and sale through which the title of the petitioner is derived. The present apparent misfortune of the appellant is due to failure to take advantage seasonably of the right of redemption afforded her by the statutes. No substantial question of law is disclosed upon this record.

*Order for decree affirmed.*