MARY TROJANOWSKI *vs.* MATTIE H. J. MacLACHLAN.

Essex.     November 30, 1921. — December 5, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Land Court,* Appeal, Finding by judge. *Attachment. Notice.*

Upon an appeal from a decision of the Land Court ordering a decree in favor of the petitioner, in a petition for the registration of title to land, findings of fact made by the Land Court must be accepted as final, where the evidence is not reported.

A writ, upon which an attachment of real estate in the southern district of Essex County was made, according to the record of attachment in the registry of deeds was returnable in the Superior Court in Suffolk County although in fact it was returnable in Essex County. The writ was not entered in Suffolk County and a certificate to that effect was filed in the registry of deeds and was noted there in the margin of the record of the attachment. The writ was

entered in Essex County. No certified copy of the writ was deposited in the registry of deeds. *Held,* that these facts constituted no notice of the attachment to one who purchased the real estate at a sale upon an execution issued in a subsequent action in which the real estate was made subject to a later attachment.

If real estate is subject to a valid attachment by a creditor of the owner, there is nothing in law to prevent another creditor who has caused a later attachment to be made from proceeding with an execution sale, taking his risk that the earlier attachment will not be perfected by a judgment and levy.

PETITION, filed in the Land Court on October 29, 1920, for the registration of the title to certain land in Salem.

The land which is the subject matter of the petition is a part of the parcel sold at the execution sale which was the foundation of the title registered by the decision reported in *Solovicos* v. *MacLachlan,* 236 Mass. 402.

In the Land Court the petition was heard by *Corbett,* J. Material facts found by him in a decision which did not purport to recite all of the evidence, are described in the opinion. The decision also stated, "No evidence was introduced showing that the subsequent attaching creditor had actual knowledge of the prior attachment." The respondent made the following requests for rulings, which were annexed to the judge's decision:

"1. The attachment made in the Wadsworth suit on January 4, 1915, was a valid attachment of the real estate of said respondent MacLachlan (then Jewett) and remained a valid attachment until thirty days after final judgment was entered for plaintiff in said Wadsworth case on November 20, 1919.

"2. At the time the attachment of respondent's land was made in the Quinn case on September 29, 1916, the Wadsworth attachment was a valid outstanding prior attachment.

"3. At the time the premises, title to which the petitioner seeks to register, were sold on execution on December 19, 1917, under a judgment recovered in the Quinn case, the Wadsworth attachment referred to in requests 1 and 2 was a valid outstanding prior attachment.

"4. The sale on execution to Sheehan under the judgment in the Quinn case was invalid.

"5. Sheehan acquired no title under the sheriff's deed dated December 21, 1917, and recorded with Essex South District Deeds Book 2381, Page 403.

"6. The return of the sheriff on the Wadsworth writ showing a real estate attachment and deposit of copy in registry of deeds is conclusive and cannot be contradicted or impeached by showing a variance in the copy actually deposited in the registry of deeds.

"7. The certificate from the clerk of the Superior Court in Suffolk County filed in the registry of deeds on January 2, 1919, stating that his dockets showed no entry of an action brought by Wadsworth against Jewett had no effect on the Wadsworth attachment; and said attachment still remained a valid attachment after the filing of such certificate."

The judge stated in his decision that he refused the requests and found that the execution sale was valid. Relating to the contention of the respondent in the sixth request, the judge stated in his decision that "This is undoubtedly true as to the parties to that action and their privies and possibly — as against all having actual or constructive notice thereof." A decree was entered for the petitioner; and the respondent appealed.

The case was submitted on briefs.

*M. H. J. MacLachlan,* pro se.

*M. J. McSweeney & W. H. McSweeney,* for the petitioner.

BY THE COURT. This is a petition for the registration of title to a parcel of land in Salem. The case comes before us on appeal from a decision of the Land Court ordering a decree in favor of the petitioner. The findings of fact made by the Land Court in the absence of evidence must be accepted as final. The chain of title of the petitioner comes through a sale regularly made on an execution issued after judgment against the respondent in favor of the tax collector of Salem, in an action on which attachment was made on September 29, 1916.* At that time there was an attachment of the same real estate made on January 4, 1915, upon a writ brought by one Wadsworth against the respondent, returnable to the Superior Court in Suffolk County on the first Monday of February, 1915. No such writ was entered in Suffolk County and certificate to that effect was filed in the registry of deeds for the southern district of Essex County, and notation thereof was duly made on the margin of the record of the attach-

---

* This action is referred to in the respondent's requests for rulings as "the Quinn case."

ment; but such writ was entered in court in Essex County where it was pending until it went to judgment in November, 1919, on which the officer's return showed attachment of all the respondent's real estate in the southern district of Essex County. No certified copy of that writ appears to have been deposited in the Essex registry of deeds.

These facts constituted no notice to the purchaser at the execution sale under whom the petitioner claims title, and do not affect her rights. R. L. c. 167, §§ 59, 60, now G. L. c. 223, §§ 63, 64. *Cheshire* v. *Briggs*, 2 Met. 486. *Coffin* v. *Ray*, 1 Met. 212. *Ryder* v. *Brockton Savings Bank*, 235 Mass. 476, 480. *Pomroy* v. *Stevens*, 11 Met. 244. There is nothing in *Baker* v. *Baker*, 125 Mass. 7, and cases of that kind, at all at variance with this conclusion.

Even if the Wadsworth attachment had been valid at the time as against the attaching creditor through whose sale the petitioner claims, there is nothing in law to prevent such later attaching creditor from proceeding with his execution sale, taking his risk that the earlier attachment will not be perfected by a judgment and levy. *Owen* v. *Neveau*, 128 Mass. 427, 431.

If it be assumed in favor of the respondent but without so deciding that her requests for rulings are before us, there was no reversible error in denying them all. The ruling of the Land Court respecting the sixth request was sufficiently favorable to the respondent.

The case at bar is governed in every particular by *Solovicos* v. *MacLachlan*, 236 Mass. 402.

*Order for decree affirmed.*